Warner, Chief Justice.
1. When the Supreme Court was originally created by an amendment of the State Constitution, all cases in that Court had to be disposed of at the first term, except for providential *462 cause. The Court could not, in its discretion, withhold its judgment until the next term after the case was argued. To *enable the Court to do that, the power to do so was granted, as we find it in the Constitution of 1868. The Constitution, instead of declaring that all cases should be disposed of at the first term, except for providential cause, now declares that the Supreme Court shall dispose of every case at the first or second term after the writ of error is brought. The case is to be prosecuted, or argued now, at the first term of the Court, unless prevented by providential cause, just as was required to have been done under the original amended Constitution creating the Court, but under the power granted to dispose of every case at the first or second term after the writ of error is brought, the Court may, in its discretion, withhold its judgment until the next term after the case is argued, which it could not have done unless the power had first been granted to extend the disposition of the case to the second term of the Court, instead of restricting such disposition of the case to the first term, as was done under the original Constitution creating the Court, and that was all the Constitution of 1868 intended when it declares that the Court shall dispose of every case at the first or second term after the writ of error is brought, leaving the question as to prosecuting the case when prevented by providential cause just where it stood under the old Constitution. The cases on the docket have been continued twice for providential cause, the plaintiff is now dead, and the question is, whether the same shall be dismissed for want of jurisdiction of the Court to hear them under the Constitution after the expiration of the second term of the Court.
It is insisted that the continuance of the cases for providential cause does not take them out of the provisions of the Constitution before cited, which requires the Court to dispose of every case at the first or second term after the writ of error is brought; that providential cause after the first term constitutes no exception. This provision of the Constitution should receive a reasonable interpretation. Providential cause is recognized by the Constitution as a valid cause for not prosecuting the case at the first term, but does not restrict the continuance of the case for providential cause to the'first term only. The *case is to be heard at the first term, but providential cause is a good reason for not hearing it at that term. Why should not providential cause be equally as good a reason for not hearing the case at the second as at the first term? The Constitution does not declare that cases shall not be continued after the first term for providential cause, or that no case shall be continued more than once for providential cause. The fair and reasonable interpretation of the Constitution is, that the Court shall dispose of every case at the first or second term after writ of error brought, unless the parties are prevented from prosecuting the same by providential cause. Providential cause is the only exception recognized by the Constitution as an excuse for delay.' *463 When á party is prevented from prosecuting his case, either at the first or second term of the Court, by providential cause, there is nothing in the Constitution which imputes to him laches or default on that account. The act of God worketh injury to no one, and that is the principle recognized by the Constitution in the prosecution of cases in this Court. Unless prevented by providential cause, every case must be prosecuted at the first term of the Court after the writ of error is brought, and must be disposed of by the Court at the first or second term, but the Court may, in its discretion, withhold its judgment until the next term after the case is argued under the power granted to dispose of it at the second term of the Court, and this may be done without any providential cause being shown. This grant of power to the Court, to dispose of the cases in its discretion at the first or second term, had no reference whatever to the continuance of cases for providential cause. That question stands under the new Constitution just as it stood under the old one. If a case should be continued at the first term for providential cause, and just before the second term of the Court the party should die, or should die during the second term, as in this case, and his estate unrepresented, the case would have to be dismissed, under the construction contended for. The providential cause of the party’s death would not save it. The death of the plaintiff during the second term of the Court, or at any other *time, is not made by the Constitution an exceptional case of providential 'cause, and the Courts should not make it one and disregard all other cases of providential cause in giving a construction to those words. The fair and reasonable interpretation of the Constitution, in our judgment, is to hold that when a party is prevented by providential cause from prosecuting his case in the Court, that no laches is to be imputed to him, a.nd that the time within which he is to prosecute his writ, of error'does not run against him, that he is excepted from having his case dismissed on the ground of providential cause: Broom’s Legal Maxims, 171. The cases on the docket having been continued by this Court for providential cause at the first and second terms thereof, and Mr. Dougherty having died during the second term of the Court, the. motion to dismiss all the cases for want of jurisdiction of the Court to hear them should, in our judgment, be overruled.
2. The motion to dismiss the case of William Dougherty, assignee, vs. Barber et al., on the special grounds stated in the motion cannot be entertained now, inasmuch as the plaintiff has no legal representative before the Court in that case, but the defendants may suggest the death of the plaintiff on the record, and take such further proceedings in the case as authorized by the 26th rule of this Court if they shall think proper to do so.
3. In all the other cases in which Mr. Dougherty was counsel only, the parties must be prepared to prosecute the same at the present term of the Court, or they will be dismissed.